UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

        Plaintiff,

   v.                                   Case No. 23-C-1268

ST FREIGHT LLC,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff New York Marine and General Insurance Company filed this declaratory judgment action against Defendant ST Freight LLC, seeking a determination of its rights and obligations under insurance policies it issued to ST Freight. This matter comes before the court on ST Freight's motion to dismiss or, alternatively, to stay. For the following reasons, ST Freight's motion to dismiss will be granted.

### BACKGROUND

ST Freight is a Wisconsin limited liability company located in Manitowoc, Wisconsin, and operates as a freight broker for transporting the products of others by truck throughout the United States. New York Marine issued a package insurance policy to ST Freight containing a commercial general liability coverage part, an umbrella policy, and a commercial auto policy. ST Freight has been named as one of several defendants in a lawsuit filed on May 27, 2022, in the First Judicial District of New Mexico in connection with a September 1, 2021, accident arising from one of the loads ST Freight brokered. The accident occurred on a New Mexico highway and resulted in two fatalities.

ST Freight sought coverage under the policies issued by New York Marine in connection with the claims asserted against it in the New Mexico action. In response, New York Marine advised ST Freight in writing that it owed no obligation under the policies it issued to defend or indemnify ST Freight in the action. New York Marine subsequently filed this declaratory action on September 25, 2023, seeking a judicial declaration that, under the insurance policies, New York Marine owes no duty to defend or indemnify ST Freight in connection with the claims asserted against it in the New Mexico action. On October 31, 2023, ST Freight filed a third-party complaint in the New Mexico action against New York Marine, seeking a ruling regarding New York Marine's coverage obligations under the policies. New York Marine filed a motion to dismiss in the New Mexico action, asserting that it does not owe a duty to defend or indemnify ST Freight. *See* Dkt. No. 19-1. On November 9, 2023, ST Freight filed the instant motion to dismiss or, alternatively, to stay.

## ANALYSIS

"Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). "This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 itself, which provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). District courts have "substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an

ongoing state court case." *Id.* (citing *Brillhart*, 316 U.S. at 494–95; *Wilton*, 515 U.S. at 288). The federal court should consider, among other factors, "whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative or piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995) (citations omitted).

Under the *Zavalis* framework, dismissal of this declaratory judgment action is appropriate. In this case, the third-party action in the First Judicial District of New Mexico involves the same parties as the instant action—ST Freight and New York Marine—as well as the same legal question—whether New York Marine owes ST Freight a duty to defend and indemnify it for any loss in the New Mexico action. *See Envision Healthcare*, 604 F.3d at 986 (upholding district court's decision to abstain when "the third-party suit in Minnesota involve[d] the same parties as the federal case" and "the same precise legal question [would] be answered in both suits:" whether the insurance broker owes the insurer a duty to indemnify it for any loss incurred in the state court lawsuit). Allowing the declaratory judgment action to proceed further will not serve a useful purpose in clarifying the parties' legal obligations and relationships. Instead, it will be duplicative of litigation that is already taking place in state court. Importantly, the New Mexico action, unlike this one, includes the plaintiff estates in the underlying action, both of whom are interested, if not indispensable parties, to the claim asserted in this case. For this reason, complete relief is clearly available to New York Marine in the New Mexico action. It is less clear that such relief would be available here. Accordingly, the court finds it appropriate to exercise its discretion under the

3

*Wilton/Brillhart* doctrine and abstain from proceeding further with this declaratory judgment action.

## CONCLUSION

For these reasons, ST Freight's motion to dismiss (Dkt. No. 10) is **GRANTED**. This declaratory judgment action is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge